IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTINE FEDERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.   2:25-cv-13888-DCN |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Christine Federman, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay short term disability (STD) and long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.    The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.      Venue is proper within the District of South Carolina pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4.      Plaintiff, Christine Federman, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Charleston County, South Carolina.

5.      Defendant Metropolitan Life Insurance Company (hereinafter "MetLife"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through its registered agent for service, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC, United States County, 29223-0000.

6.      Defendant MetLife is the party obligated to pay benefits and to determine eligibility for benefits under Group Short Term Disability Policy No. 229381-1-G and Group Long Term Disability Policy No. 229381-1-G, both issued by MetLife to CGI Technologies & Solutions, Inc.

**FACTS**

7.      Plaintiff was employed by CGI Technologies & Solutions, Inc.

8.      By virtue of her employment, Plaintiff was enrolled in its short term disability ("STD") and long term disability ("LTD") plans, which are ERISA employee welfare benefit plans (the "Plans").

9.      Benefits under the Plans are insured by MetLife under Group Short Term Disability Policy No. 229381-1-G and Group Long Term Disability Policy No. 229381-1-G, issued by MetLife to CGI Technologies & Solutions.

10.     Plaintiff is a participant or beneficiary of the Plans.

11. Plaintiff became disabled due to her Relapsing and Remitting Multiple Sclerosis and ceased work on February 6, 2025, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for STD benefits under the STD Plan on March 26, 2025.

14. By letter dated May 6, 2025, MetLife denied Plaintiff's STD claim.

15. MetLife's basis for denying the claim is not possible to determine from the denial letter alone, which identifies the reason as "Our decision to deny benefits is based on all the information in your claim file. The employer indicated you were terminated on 2/7/2025 and the claim was not filed until 3/26/2025."

16. The actual basis for the denial is revealed through a review of the claim file, which includes these statements:

> 16.1. "Advised the claim has been denied due to not filing timely. Advised EE needed to have the claim filed in 14 to 20 days after the loss." Claim note dated April 18.
>
> 16.2. The rationale for denial is "due to not filing the claim in the time required for process, 20 days, the claim has been denied for failure to provide proof of loss." Claim note April 17.

17. The relevant portions of the policy state:

> If You are unable to report for Active Work due to a Sickness or accidental injury, and You think that You may be Disabled, You should contact MetLife or Your benefits representative to initiate a claim. <u>We recommend</u> that You do so no later than 14 days after the first day You are unable to report for Active Work <u>so that Your claim can be processed in a timely manner</u>.

> When You file an initial claim for Disability Income Insurance benefits described in this certificate, <u>both the notice of claim and the required Proof should be sent to Us within 90 days after the end of the Elimination Period</u>.
>
> **Step 1**
> You <u>may</u> give Us notice by calling Us at the toll free number shown in the Certificate Face Page within 20 days of the date of a loss.
>
> […]
>
> **Step 4**
> You must give Us Proof not later than 90 days after the end of the Elimination Period.
>
> <u>If notice of claim or Proof is not given within the time limits described in this section, the delay will not cause a claim to be denied or reduced if such notice and Proof are given within 90 days after the end of the Elimination Period</u> or if it is not reasonably possible to give notice of claim or Proof within such period, they are given as soon as is reasonably possible thereafter.

(Underline emphasis added; bolding in original).

18.    The policy's only mandatory deadline is the requirement to submit notice and proof of claim within 90 days after the end of the 14-day Elimination Period (i.e., 104 days from the onset of disability).

19.    Mrs. Federman's March 26 filing was well within the 104-day window (it was 48 days after she ceased working), rendering MetLife's denial baseless.

20.    Even more troubling, MetLife's denial letter fails to reference or quote the policy's actual timeline for submitting notice and proof of claim.

21.    This omission is a clear violation of ERISA regulations, which require administrators to cite "the specific plan provisions on which the determination is based."

22.    By failing to include this critical information, MetLife not only misled Mrs. Federman but also deprived her of the opportunity to understand and challenge its flawed reasoning.

4

23. Had MetLife reviewed its own policy, it would have immediately recognized that its stated basis for denial was invalid.

24. Instead, MetLife appears to have intentionally ignored the policy's terms, opting instead to rely on arbitrary and unsupported deadlines.

25. Plaintiff retained counsel and, in her counsel's initial letter to MetLife on September 2, Plaintiff notified MetLife that she was applying for LTD benefits by that letter, and that she would also be appealing her STD denial soon.

26. MetLife had 45 days from its receipt of that letter to render its decision, or October 17, 2025, pursuant to the ERISA Regulations, 29 C.F.R. § 2560.503-1(f)(3).

27. To date, MetLife has not made a decision on Plaintiff's LTD application.

28. Plaintiff appealed the denial of her STD benefits by letter dated October 30, 2025, supporting the appeal by providing a detailed explanation for why Defendant's timing-based denial was wrong.

29. In her Appeal, Plaintiff also asked Defendant to consider the evidence submitted to appeal the STD denial for her LTD benefit claim.

30. Plaintiff also submitted substantial evidence confirming that she was disabled under the terms of the STD and LTD Plans, including:

    30.1. Medical records from MUSC, Dr. Andrew Keegan, and Dr. Daniel Becker consistently document chronic fatigue, severe mobility challenges, spasticity, and left leg weakness.

    30.2. A Functional Capacity Evaluation confirming Plaintiff could only use her hands to handle and finger occasionally during the day, that she could not walk or stand without the help of a walker, and that she cannot safely return to a

standing position and cannot balance without the support of her rollator or another aid.

30.3. Sworn declarations from Plaintiff and her spouse, as well as photos of the various walking aids and accommodations Plaintiff made in their home in order to function despite her disability.

31. Plaintiff sent her appeal letter to Defendant by email, fax, and regular mail.

32. Plaintiff received fax confirmation that Defendants received the appeal that same day, October 30, 2025.

33. MetLife had until December 14, 2025—forty-five (45) days from October 30, 2025—to render a decision on Plaintiff's appeal of her STD denial and her application for LTD benefits or provide Plaintiff with a written notice of extension identifying special circumstances necessitating an extension of time to finish their review. *See* 29 C.F.R. § 2560.503-1(i)(1)(i) &(3)(i).

34. In her appeal letter, Plaintiff pointed out the Department of Labor's ERISA Claims Procedure Regulations and noted that MetLife had 45 days to issue a decision on Plaintiff's LTD claim or provide a regulatorily compliant notice of extension (including identifying December 14, 2025 as the deadline).

35. On November 18, 2025, Plaintiff submitted additional evidence to MetLife that supported her medical disability, including a letter from her treating neurologist, Dr. Andrew Keegan, explaining his opinions related to Plaintiff's restrictions and limitations, as well as a vocational assessment by Ashley Johnson, MS, CRC, CLCP providing her opinion that Plaintiff's restrictions and limitations preclude her from performing her own occupation.

6

36. To date, 47 days after Plaintiff appealed MetLife's denial of her STD benefits and applied for LTD benefits, MetLife has not issued a decision on Plaintiff's appeal and has failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

37. As a result, Defendants have failed to provide a reasonable claims procedure that would yield a timely decision on the merits of Plaintiff's STD and LTD claims.

38. 29 C.F.R. § 2560.503-1(l) states that an ERISA administrator's failure to strictly adhere to all requirements of the Department of Labor's ERISA Claims Procedure Regulations with respect to a claim will result in the claimant being deemed denied without the exercise of discretion. *See* 29 C.F.R. § 2560.503-1 (1)-(2).

39. Accordingly, under 29 C.F.R. § 2560.503-1 (1)-(2), Plaintiff pursues her available remedies under § 502(a) of the ERISA on the basis that Defendants have failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the STD and LTD claims.

40. Plaintiff's administrative remedies under the STD and LTD Plans were deemed exhausted without the exercise of discretion because of Defendants' violations of 29 C.F.R. § 2560.503-1 as outlined above.

41. Due to MetLife's failure to establish and follow reasonable claims procedures and because MetLife never provided a decision on the merits of Plaintiff's claim, Plaintiff is entitled to *de novo* review of her entitlement to benefits.

42. Plaintiff has exhausted her administrative remedies under the Plan.

43. The Plan does not contain an appropriate grant of discretion to MetLife, therefore the Court should review MetLife decision under the de novo standard of review.

44. MetLife would pay any benefits due out of its own funds.

45. MetLife owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

46. MetLife was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

47. MetLife allowed its concern over its own funds to influence its decision-making.

48. MetLife breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

49. Under the terms of the Plans and policy, Defendant agreed to provide Plaintiff with STD and LTD benefits in the event that Plaintiff became disabled as defined by the Plans.

50. Plaintiff made a timely claim for benefits under the terms of the Plans.

51. Plaintiff is disabled and entitled to benefits under the terms of the Plans.

52. Defendant failed to provide benefits due under the terms of the Plans, and these denials of benefits to Plaintiff constitute breaches of the Plans.

53. The decision to deny STD benefits was wrong under the terms of the Plans.

54. The decision to deny STD benefits and decision-making processes were arbitrary and capricious.

55. The decision to deny STD benefits was influenced by the Defendant's financial conflict of interest.

56. The decision to deny STD benefits was not supported by substantial evidence in the record.

57.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

58.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.     A finding in favor of Plaintiff against the Defendant;

2.     Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.     Prejudgment and postjudgment interest;

4.     An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5.     In the alternative, if the Court cannot order benefits paid under the current record, Plaintiff asks for a remand with specific instructions for Defendant's remand consideration of her claim.

6.     Plaintiff's reasonable attorney fees and costs; and

7.     Such other relief as this court deems just and proper.

Dated this 16th day of December, 2025.

                Respectfully submitted,

                              BY: *s/ Paul T. McChesney*
                              Paul T. McChesney (SC Bar#2767)
                              930 South Pine Street
                              Spartanburg, SC 29302
                              (864) 582-7882
                              Fax (864) 583-3506
                              service@carolinadisabilities.com